# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 1 3 2002


CLERK

ROBERT G. CATES, Administrator of
the Estate and Personal Representative
of Darwin Tache,

    Plaintiff,

vs.    CIV NO. 01 - 0534 M/WWD ACE

SHANNAN RUIZ, ARTURO RUIZ,
CHILDHAVEN, INC.,
THE UNITED STATES OF AMERICA,
MICHAEL CASTENELL,

    Defendants,

and

CHILDHAVEN, INC., a New Mexico
non-profit corporation,

    Third-Party Plaintiff,

vs.

NEW MEXICO CHILDREN, YOUTH,
AND FAMILIES DEPARTMENT,

    Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion by Defendants Childhaven, Inc., Michael



Castenell, Arturo Ruiz and Shannan Ruiz to Amend their respective Answers to assert the additional affirmative defenses of release, waiver and estoppel. Plaintiff Robert Cates and Defendant United States of America oppose the motion. Third-party Defendant New Mexico Children, Youth and Families Department has neither joined nor opposed the Motion to Amend.

In the course of discovery, Childhaven, Inc. and others discovered a Release signed by both a representative of Childhaven and a representative of the Navajo Division of Social Services concerning the child whose death is the crux of this lawsuit. The Release could arguably be used to assert the affirmative defenses of release, waiver and estoppel by Childhaven, Inc., Arturo and Shannan Ruiz and Michael Castenell. Plaintiff, joined by the United States of America, argues that there are serious if not fatal problems with the purported Release and that these Defendants can never prevail on the affirmative defenses they are attempting to raise. Therefore, the amendment to their Answers would be futile and should be denied.

Federal Rule of Civil Procedure 15 (A) states that a party, once responsive pleadings have been served, may amend its pleading "only by leave of court ... and leave shall be freely given when justice so requires." Leave to amend is within the discretion of this court. However, the Supreme Court has noted that when the facts relied upon by the party may be a proper subject of relief, the party ought to be given an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178 (1962). In the absence of some reason such as "undue delay, bad faith or dilatory motive ... or the futility of amendment", leave to amend should be freely given. *Foman*, supra at 182.

Clearly, there are both factual and legal disputes surrounding this purported Release.

2

However, this Motion to Amend is neither the time nor the place to resolve these disputes and determine the legal significance of this document. Therefore, finding no undue delay on the part of the Defendants seeking to amend their Answers or undue prejudice to the Plaintiff or the Defendant United States of America, I find the Motion to Amend the Defendants' Answers is well taken and will be granted.

**NOW, THEREFORE IT IS ORDERED** that Leave is Given to the Defendants Childhaven, Inc., Arturo Ruiz, Shannan Ruiz and Michael Castenell to Amend their respective Answers to assert their additional affirmative defenses. The Amended Answers shall be filed within ten days of the date of this Order.

_____
SENIOR UNITED STATES JUDGE